IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| VINCENT J. FAVIANO | § |
| | § |
| VS. | § CIVIL ACTION NO. 4:14-CV-706-O |
| | § |
| CITIMORTGAGE, INC., ET AL. | § |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING DEFENDANTS' FIRST AMENDED MOTION TO DISMISS

Pending before the Court is the Defendants' Motion to Dismiss [doc. # 6], filed September 3, 2014.[1] Having carefully considered the motion, and noting that Plaintiff, who is represented by counsel, wholly failed to file a response, the Court recommends granting the Defendants' motion for the reasons stated in the motion and brief in Support.[2]

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only

---

[1] The Court notes that Plaintiff originally filed this suit in state court. Defendants removed the case to this Court on August 27, 2014.

[2] The Court notes that the "Fifth Circuit has held that a court generally should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." *Adams v. Energizer Holdings, Inc.*, No. 3:13CV797TSL-JMR, 2013 WL 1791373, at *4 (S.D. Miss., Apr. 19, 2013); *see Brown v. Aetna Life Ins. Co.*, 975 F. Supp. 2d 610, 620 (W.D. Tex. 2013). However, the "court need not grant the plaintiffs such opportunity where they declare the sufficiency of their pleadings and make no attempt to amend their complaint in response to the defendants' challenge pursuant to Rule 12(b)(6)." *Adams*, 2013 WL 1791373, at *4 (citing *Gallentine v. Housing Auth. of Port Arthur, Tex.*, No. 1:12-CV-417, 2013 WL 244651, at *23 (E.D. Tex. Jan. 22, 2013)); *see also Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 419 (5th Cir. 2010). In this case, Plaintiff, who is represented by counsel, wholly failed to file a response to Defendants' 12(b)(6) motion to dismiss. Consequently, the Court interprets such failure by Plaintiff as a declaration of the sufficiency of Plaintiff's original petition filed in state court.

make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **October 16, 2014** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED October 2, 2014.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE